**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA FOR THE
USE OF WOLF CONTRACTORS, INC.;
WOLF CONTRACTORS, INC.,
<u>Plaintiff-Appellee,</u>

v.

RITCHIE-CURBOW CONSTRUCTION

COMPANY, INCORPORATED,
<u>Defendant-Appellant,</u>

and

FIDELITY AND DEPOSIT COMPANY OF
MARYLAND,
<u>Defendant.</u>

      No. 95-1349

UNITED STATES OF AMERICA FOR THE
USE OF WOLF CONTRACTORS, INC.;
WOLF CONTRACTORS, INC.,
<u>Plaintiffs-Appellants,</u>

v.

RITCHIE-CURBOW CONSTRUCTION
COMPANY, INCORPORATED;
FIDELITY AND DEPOSIT COMPANY OF
MARYLAND,
<u>Defendants-Appellees.</u>

      No. 95-1669

Appeals from the United States District Court
for the Eastern District of Virginia, at Newport News.
William T. Prince, Magistrate Judge.
(CA-93-143-4)

Argued: January 29, 1996

Decided: March 29, 1996

Before WIDENER and MOTZ, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Terrence Keech Martin, OVERMAN, COWARDIN & MARTIN, P.L.C., Newport News, Virginia, for Appellant. Kenneth Leon Roberts, ROBERTS & ROBERTS, P.C., Newport News, Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

The Army Corps of Engineers awarded Appellant/Cross-Appellee Ritchie-Curbow Construction Co., Inc. the general contract for construction of a hazardous materials storage warehouse in Richmond, Virginia. Ritchie-Curbow subcontracted part of the project to Appellee/Cross-Appellant Wolf Contractors, Inc. At the end of the project, Wolf brought a Miller Act claim against Ritchie-Curbow and its surety, Fidelity and Deposit Company of Maryland, seeking full payment of the amount Wolf claimed was due on its account. Ritchie-Curbow refused payment, claiming that any amount it owed Wolf should be cancelled out by extra expenses it had incurred on Wolf's behalf.

2

The case was tried by consent before a Magistrate Judge for the Eastern District of Virginia. Wolf primarily argued that it was due additional payments for extra-contractual work it performed. For example, Wolf claimed that the original contract did not require it to perform two of the jobs it completed, namely, placing protective bollards around fire hydrants and regrading a large section of the site. Wolf further sought to recover various expenses it claimed were attributable to Ritchie-Curbow's mismanagement of the project.

For its part, Ritchie-Curbow argued that Wolf's claims should be set off against expenses it had incurred because of Wolf's poor performance or, in some cases, nonperformance. As evidence of how Wolf's balance due should be adjusted, Ritchie-Curbow presented twelve "change orders" that chronicled individual projects performed during the construction of the warehouse. According to Ritchie-Curbow's calculations, the sum of these change orders--most of which back-charged Wolf for expenses Ritchie-Curbow incurred in having these projects completed--completely offset Wolf's claims for additional compensation.

In a comprehensive Memorandum Opinion, the Magistrate Judge addressed the parties' arguments regarding how Wolf's balance due should be adjusted, and denied most, but not all, of Wolf's claims for additional payment. Similarly, the Magistrate Judge reduced Wolf's new balance due by some, but not all, of the charges listed in Ritchie-Curbow's change orders.[1] At the end of the day, the Magistrate Judge concluded that Wolf was due a balance of $8,879.65.

Ritchie-Curbow and Fidelity now appeal,[2] claiming that the Magis-

---

[1] Some of these orders--numbers two, three, and four--acknowledged that Wolf should be paid for doing work not originally contemplated in its subcontract; the Magistrate Judge ultimately increased Wolf's balance due by the amount of these charges. Other change orders--numbers nine through twelve--back-charged Wolf for work that all agree was included in the subcontract but which Wolf left undone. The Magistrate Judge accordingly reduced Wolf's balance due by the amounts specified in this second set of change orders. Neither party appeals the Magistrate Judge's treatment of change orders two through four or nine through twelve.

[2] The parties dispute whether the notice of appeal properly named Fidelity as a party to this appeal. In view of our disposition of the appeal, we need not address that question.

trate Judge erred in refusing to reduce Wolf's balance due by the full sum of Ritchie-Curbow's offsetting change-order charges. Wolf cross-appeals the Magistrate Judge's dismissal of two of its claims based on noncontractual work, specifically its claims regarding the placement of bollards around fire hydrants and its regrading work.

We have carefully considered the briefs and oral arguments of the parties and those portions of the record pertinent to their various arguments. Having done so, we find no reversible error in the decision of the Magistrate Judge and accordingly affirm on its reasoning.

<u>AFFIRMED</u>

WIDENER, Circuit Judge, concurring and dissenting:

I concur in all of the majority opinion except that part of it affirming the district court's treatment of change orders 1 and 5-8 inclusive. As to those change orders, I respectfully dissent.

The district court declined to give Ritchie-Curbow any credit for those change orders because not raised as an affirmative defense. This action, I think, was error. I would have credited those change orders in the amount of $4,160.00, which would have reduced the judgment due Wolf by that amount.

4